# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| ASHLYNN GREER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-03335-CV-S-BP ) |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for Supplemental Security Income ("SSI") benefits. For the following reasons, the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

Plaintiff was born in April 1995, has a high school education, and has no prior work experience. She filed her application for SSI benefits in April 2020 and her amended alleged onset date is April 15, 2020. As relevant to the issues before the Court, the ALJ determined Plaintiff suffers from major depressive disorder, bipolar disorder, generalized anxiety disorder, and PTSD. (R. at 51.) The ALJ's residual functional capacity ("RFC") determination relevant to this appeal included a limitation to only occasional interaction with the public, coworkers, and supervisors. (R. at 55.) The RFC also states Plaintiff can "respond appropriately to [only] occasional changes in work-related tasks and station." (*Id*.) Based on the testimony of a vocational expert, the ALJ found Plaintiff can work as a laboratory equipment cleaner, laundry worker, or machine packager. (R. at 64.)

Plaintiff challenges the Commissioner's decision, alleging the ALJ's RFC finding was inconsistent with other findings the ALJ made when determining whether Plaintiff's condition met or equaled a listed impairment. She also contends the ALJ did not properly weigh the evidence. The Commissioner argues that the ALJ did not err. The Court resolves these arguments below.

## II. DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. . . . As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted).

At Step 3 of the five-step sequential process for analyzing disability claims, the ALJ considered whether Plaintiff's psychological impairments, alone or in combination, met or equaled a listed impairment and specifically considered Listings 12.04, 12.06 and 12.15. These listings all require consideration of the "B criteria," which requires the ALJ to determine if the claimant has an extreme limitation in one, or a marked limitation in two, of the following areas of mental functioning: (1) understanding, remembering, or applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. The ALJ

2

found Plaintiff has moderate (or no more than moderate) limitations in all four areas of mental functioning. (R. at 53-55.) With the B criteria not satisfied, Plaintiff's condition did not meet or equal a listed impairment. Before moving to the next steps in the sequential process, the ALJ advised the findings regarding the B criteria were limited to that purpose:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation I have found in the "paragraph B" mental functional analysis.

(R. at 55.)

Nonetheless, Plaintiff argues the ALJ erred in failing to adequately explain why he did not include moderate limitations from the B criteria in the RFC. The Court disagrees for the reasons stated by the ALJ: the B criteria findings rate the severity of a psychological condition and do not evaluate the claimant's functional capacity. As further explained in SSR 96-8p, "[t]he adjudicator must remember that the limitations identified [for evaluating mental impairments] are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." "As a practical matter . . . the different steps serve distinct purposes, the degrees of precision required at each step differ, and our deferential standard of review precludes us from labeling findings as inconsistent if they can be harmonized." *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018).

Plaintiff also challenges the RFC determination; in doing so she primarily addresses the ALJ's discussion of the B criteria but does not challenge the ALJ's finding at Step 3. Regardless, the Court notes the ALJ devoted substantial attention to Plaintiff's psychological impairments when he considered Plaintiff's RFC. The ALJ acknowledged Plaintiff's testimony, but found her

3

statements were "not entirely consistent with the medical evidence and other evidence in the record," (R. at 56), and he discussed that evidence in detail. The ALJ explained Plaintiff's mental status examinations demonstrated she exhibited abnormal mood or affect "at times" but "generally presented with normal or appropriate mood and affect . . . normal alertness and orientation . . . no apparent or acute distress, normal attention and concentration, thought process devoid of any paucity, racing or alienation . . . and intact memory and cognition over her medical history." (R. at 57.) The ALJ cited numerous medical reports to support this finding. (R. at 57-58, 60.)

Plaintiff concedes the ALJ discussed the matter as outlined above but contends the discussion was itself insufficient because "unremarkable examinations cannot serve to support an RFC assessment without further explanation." (Doc. 9 p. 13.) The Court disagrees; the ALJ is required to consider all the evidence in the Record, including evidence from a claimant's medical visits (which is clearly relevant evidence for the ALJ to consider).

Plaintiff also contends the ALJ should have accorded more weight to the medical source statement ("MSS") from her treating doctor, Dr. Sreekant Kodela. Dr. Kodela opined Plaintiff would miss five days of work every month. (R. at 603.) He also indicated Plaintiff is restricted in her ability to function in all twenty areas listed on the MSS, including marked limitations in her ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, complete a normal workday and workweek without interruption from her symptoms, and set realistic goals. (R. at 603-04.) The ALJ discussed Dr. Kodela's MSS but found it unpersuasive because Dr. Kodela "cited no objective findings supporting the . . . assessments" and the opinions in the MSS were inconsistent with other evidence in the Record. (R. at 61.) These observations provide valid reasons to discount the restrictions contained in the MSS. *E.g., Winn v. Commissioner of Social Security,* 894 F.3d 982, 986 (8th Cir.

4

2018); *Anderson v. Astrue*, 696 F.3d 790, 793-094 (8th Cir. 2012); *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010). The Court further notes the ALJ's overall discussion of the evidence relating to Plaintiff's psychological impairments at Step 4 is quite extensive, and Plaintiff's argument essentially asks the Court to reweigh the evidence – which is something it cannot do. Finally, the Court concludes there is substantial evidence in the Record as a whole to support the ALJ's RFC finding.

## III. CONCLUSION

For the reasons stated above, the Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

**DATE**: September 26, 2022

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT